1 | Rob G. Leach/SBN 132944
2 | Denise E. Jones / SBN 134923
  | **CHARMASSON, BUCHACA &**
  | **LEACH, LLP**
3 | 2635 Camino Del Rio South, Suite 102
  | San Diego, California 92108
4 | Telephone (619) 294-2922
  | Telefax (619) 294-8674
5 | e-mail: rob@charmasson.com
6 | Attorneys for Plaintiff, KNEEPRO INDUSTRIES, INCORPORATED dba KP
7 | INDUSTRIES

8 |                **IN THE UNITED STATES DISTRICT COURT**

9 |                   **SOUTHERN DISTRICT OF CALIFORNIA**

10 |

| | |
|---|---|
| KNEEPRO INDUSTRIES, INCORPORATED dba KP INDUSTRIES, a Michigan Corporation, | CASE NO. **'13 CV 0786 H     BGS** |
| | [Copyright/Trademark/Unfair Competition] |
| Plaintiff, | **COMPLAINT FOR: 1) VIOLATION OF FEDERAL LANHAM ACT INCLUDING TRADEMARK INFRINGEMENT; 2) INFRINGEMENT OF COMMON LAW TRADEMARK RIGHTS; 3) UNFAIR COMPETITION; 4) CONVERSION; 5) INDUCEMENT OF BREACH OF CONTRACT; 6) INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND 7) MISAPPROPRIATION OF TRADE SECRETS; AND DEMAND FOR JURY TRIAL** |
| vs. | |
| TRUE SOURCE ENTERPRISES, INC., a California Corporation; DAVID PRATSON, an individual; CLAUDIA ADRIAN ONORATO-PRATSON, an individual, and DOES 1 through 50, Inclusive, | |
| Defendants. | |

Plaintiff, Knee Pro Industries, Incorporated, at times also known as and doing business as KP Industries ("KP"), respectfully submits this complaint and the following allegations.

/// 

///

///

## COMMON ALLEGATIONS, JURISDICTION AND VENUE

1. KP is a Michigan corporation with its principal place of business at 14534 Bluff Rd., Traverse City, Michigan 49686.

2. Defendant True Source Enterprises, Inc. ("True Source") is a California corporation with its principal place of business at 7607 Rancho Amigos Rd., Bonsall, CA 92003.

3. Defendant David Pratson ("Pratson") is an individual residing in Bonsall, California, and on information and belief, he is an owner, officer and/or employee of True Source. (Allegations stated in this complaint on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery). For a number of years, Pratson was an employee of KP.

4. Defendant Claudia Adrian Onorato-Pratson ("Onorato") is an individual residing in Bonsall, California, and she is married to Pratson. On information and belief, Onorato is also an owner, officer and/or employee of True Source. For a number of years, Onorato was an employee of KP.

5. This action arises under the Lanham Act, U.S.C. Title 15, Section 43 (a) (15 U.S.C. § 1125). This court has original jurisdiction under 15 U.S.C.A. §§1121, and 28 U.S.C.A. §1338 in that this case arises under the Trademark Laws of the United States, 15 U.S.C.A. §§ 1051 et seq., including without limitation §§ 1116 and 1117.

6. Plaintiff has no knowledge of the true names and capacities of the defendants sued herein as Does 1-50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when they are ascertained.

7. Plaintiff alleges on information and belief that at all times mentioned, each of the defendants was authorized and empowered by each of the other defendants to act as the agent of each of the remaining defendants; each

1   and all of things alleged have been done by them within the capacity and

2   authorization of ,and as agents for, the other Defendants.

3   **COUNT ONE**
**FEDERAL LANHAM ACT VIOLATIONS,**

4   **INCLUDING TRADEMARK INFRINGEMENT**

5   8.   KP is in the business of manufacturing and distributing a unique and

6   proprietary line of knee pads and accessories, including without limitation

7   products sold under the brand names The Knee Pro™ Ultra Flex III™,

8   Ultra Flex II™ and the VFR foam rubber pad ("KP Knee Pads").

9   9.   The configuration of certain KP Knee Pads, including without limitation

10   the Ultra Flex III™, has served as a trademark in interstate commerce

11   within the United States for knee pads since at least as early as October,

12   1995.  On or about March 23, 2006, KP applied for the registration on the

13   principal register of plaintiff's configuration trademark with the United

14   States Patent and Trademark Office, and on or about January 6, 2009,

15   plaintiff's configuration trademark was registered, number 3,557,583

16   (referred to in this Complaint as the "Configuration Mark").  That

17   registration is still valid, with KP having met all maintenance and renewal

18   requirements.  A true and correct copy of the registration certificate is

19   attached as Exhibit A.  The registration and trademark were validly

20   assigned from Knee-Pro Industries, Inc., a California corporation, to

21   plaintiff, and that assignment has been recorded with the U.S. Patent and

22   Trademark Office.

23   10.   KP Knee Pads include distinctive trade dress, including without limitation:

24   knee pads with a pair of hinged plastic shells with a distinctive, prominent

25   pad on the outside of the lower shell; the color of the knee pad shells and

26   prominent pad; and the packaging of the knee pad.

27   11.   Since at least October 1995, KP has used the trade dress, Configuration

28   Mark and overall appearance of its KP Knee Pads to identify its goods and

distinguish them from the goods of competitors. KP has displayed the KP Knee Pads appearance, trade dress and Configuration Mark on KP's products, marketing material, sales materials, advertisements and media accounts throughout the United States, such that the overall appearance, associated trade dress and Configuration Mark have become an indication of KP Knee Pads' origin and guaranty of quality.

12. Defendants, including without limitation True Source, Pratson and Onorato, have infringed on KP's Configuration Mark, proprietary appearance and trade dress rights in interstate commerce by various acts, including without limitation by marketing, making, distributing and/or selling knee pads (including without limitation defendants' True Flex Knee Pad, True Flex Short Face and True Flex with Gel Insert) which are confusingly similar in configuration, appearance and/or trade dress to that of the KP Knee Pads and the Configuration Mark. True and accurate copies of some of defendants' marketing material setting forth some of defendants' infringing products are attached as Exhibit "B".

13. Defendants' infringing knee pads are likely to cause confusion and mistake by consumers, and to deceive consumers, as to the source of defendants' products and KP's products, and/or as to whether there is an affiliation, connection, sponsorship and/or product approval between defendants and KP.

14. KP did not authorize, agree to or permit defendants' sale of knee pads with a configuration, appearance and/or trade dress confusingly similar to that of KP Knee Pads and the Configuration Mark.

15. Plaintiff alleges on information and belief that defendants intentionally copied the trade dress, appearance and/or configuration of the KP Knee Pads to cause confusion, mistake and to deceive consumers in the marketplace, and to unfairly use and profit from KP's reputation and good

will associated with its products. Consumers have actually confused defendants' products with KP's products, including KP products displaying the Configuration Mark.

16.  Defendants, including without limitation True Source, Pratson and Onorato, in connection with plaintiff's products and services, and in connection with defendants' products and services, have made and used false designations of origin, misleading descriptions of fact, and false and misleading representations of fact which are likely to cause confusion, or to cause mistake, or to deceive, as to the affiliation, connection, sponsorship, or approval of plaintiff's products and services and defendants' products and services, and as to the respective commercial activities of plaintiff and defendants.

17.  Defendants, in advertising and promoting their own products, have misrepresented the nature, characteristics, qualities, and origin of defendants' and plaintiff's products and the parties respective commercial activities.

18.  As former employees of KP, defendants knew of KP's Configuration Mark, and that it was registered with the U.S. Patent and Trademark Office.  In any event, KP has demanded that defendants cease and desist from its various wrongful acts, providing defendants with actual notice of plaintiff's Configuration Mark registration, but defendants continue their unlawful acts.

19.  By the above-alleged acts defendants have violated §43(a) of the Lanham Act, 15 U.S.C. §1125(a), and will continue to do so unless enjoined by the Court.

20.  By reason of defendants' acts as alleged, plaintiff has suffered and will suffer: damage to its business, reputation and goodwill; and the loss of sales and profits plaintiff would have made but for defendants' acts, and

1   loss of property.  Furthermore, defendants have been and will be unjustly

2   enriched by their wrongful conduct as alleged.

3   21.   Defendants continue to do the acts complained of, and unless restrained

4   and enjoined, will continue to do so, all to plaintiff's irreparable damage.

5   It would be difficult to ascertain the amount of compensation which could

6   afford plaintiff adequate relief for such continuing acts, and a multiplicity

7   of judicial proceedings would be required.  Plaintiff's remedy a at law is

8   not adequate to compensate it for injuries threatened.

9                        **COUNT TWO**
    **INFRINGEMENT OF COMMON LAW TRADEMARK RIGHTS**

10  22.   Plaintiff hereby re-alleges, as if fully set forth, the allegations of

11  paragraphs 1 through 21.

12  23.   The Court has jurisdiction of this claim under the provisions of 28

13  U.S.C.S. §1338(b) in that the claim is joined with substantial and related

14  claims under the Trademark Laws (U.S.C. Title 15) of the United States

15  and based on a common nucleus of operative facts.

16  24.   Defendants have infringed plaintiff's trade dress and Configuration Mark

17  with the intent to deceive the public into believing that the goods sold by

18  defendant are made by, approved by, sponsored by or affiliated with

19  plaintiff.  Defendant's acts as alleged were committed with the intent to

20  pass off and palm off defendants' goods as the goods of plaintiff, and with

21  the intent to deceive and defraud the public.

22  25.   Defendants' acts constitute an infringement of plaintiff's common law

23  rights in its trade dress and Configuration Mark.

24                        **COUNT THREE**
25                        **CONVERSION**

26  26.   Plaintiff hereby re-alleges, as if fully set forth, the allegations of

27  paragraphs 1 through 25.

28  ///

27. The Court has jurisdiction of the conversion claim herein under the provisions of 28 U.S.C.S. §1338(b)) in that the claim is joined with substantial and related claims under the Trademark Laws (U.S.C. Title 15) of the United States and based on a common nucleus of operative facts.

28. While Pratson and/or Onorato were employees of KP, and before and after 2008, plaintiff was the sole owner and was in possession of originals and copies of: plaintiff's customer and distributor lists, information and data, including without limitation customer and distributor contact information; plaintiff's vendor and supplier lists, information and data, including without limitation vendor and supplier contact information; injection molds for KP products; drawings and other product design documents for KP products; and CAD drawings, data and electronic files for KP products (collectively referred to as the "Tangible Goods").

29. On information and belief, at some unknown time, defendants, including without limitation True Source, Pratson and Onorato, wrongfully took possession of the Tangible Goods and converted them to their own use.

30. On information and belief, defendants intentionally and/or fraudulently took possession of the Tangible Goods with the intent to use the Tangible Goods for defendants' owner purposes to the detriment of KP.

31. By the above-mentioned acts, defendants have caused plaintiff to loss of possession of the Tangible Goods and monetary damages.

**COUNT FOUR**
**INDUCEMENT OF BREACH OF CONTRACT**

32. Plaintiff hereby re-alleges, as if fully set forth, the allegations of paragraphs 1 through 25.

33. The Court has jurisdiction of this claim under the provisions of 28 U.S.C.S. §1338(b)) in that said claims are joined with a substantial and related claim under the Trademark Laws (U.S.C. Title 15) of the United

1    States and based on a common nucleus of operative facts.

2  34.   While Pratson and/or Onorato were employees of KP, and before and after

3    2008, KP had entered into valid contracts with service and product

4    suppliers concerning the development, design, manufacture and production

5    of KP products, including KP Knee Pads.  One such contract with a

6    manufacturer of KP products included an agreement by which that

7    manufacturer would: a) not make similar products for others; and b) not

8    use KP's drawings, designs, molds, manufacturing methods or other

9    materials for any purpose other than making products for KP.  Another

10    such contract with a product designer and mold maker included an

11    agreement by which that designer/mold maker would: a) not make similar

12    product designs, drawings or molds for others; and b) not use KP's

13    designs, drawings, molds or other materials for any purpose other than for

14    KP.

15  35.   Defendants, including  including without limitation True Source, Pratson

16    and Onorato, knew of the existence of these contracts.

17  36.   On information and belief, Defendants, including without limitation True

18    Source, Pratson and Onorato, intentionally engaged in acts or conduct

19    intending to induce the contracting third parties to breach their contracts

20    with KP, including without limitation by: a) inducing the manufacturer of

21    KP products to make similar products for defendants and/or to use KP's

22    designs, drawings, molds, manufacturing methods or other materials to

23    make products for defendants; and b) inducing the product designer and

24    mold maker to make product designs, drawings or molds for the

25    defendants and/or to use KP's designs, drawings, molds or other materials

26    to make products for defendants.

27  37.   The third parties contracting with KP then breached their agreements with

28    KP, including without limitation by: a) the manufacturer of KP Knee pads

1  making similar products for defendants and/or using KP's designs,
2  drawings, molds, manufacturing methods and/or other materials to make
3  products for defendants; and b) the product designer and mold maker
4  making product designs, drawings or molds for the defendants and/or
5  using KP's designs, drawings, molds or other materials to make products
6  for defendants.
7  38.  Defendants' alleged acts and conduct in inducing the breach of these
8  contracts has caused damage to KP, including monetary damage and the
9  financial loss of the benefit of these contracts.

10  **COUNT FIVE**
**INTENTIONAL AND NEGLIGENT INTERFERENCE**
11  **WITH PROSPECTIVE ECONOMIC ADVANTAGE**

12  39.  Plaintiff hereby re-alleges, as if fully set forth, the allegations of
13  paragraphs 1 through 25 and 33 to 38.
14  40.  The Court has jurisdiction of this claim under the provisions of 28
15  U.S.C.S. §1338(b) in that the claim is joined with substantial and related
16  claims under the Trademark Laws (U.S.C. Title 15) of the United States
17  and based on a common nucleus of operative facts.
18  41.  An economic relationship existed between KP and each of the alleged
19  contracting third parties, each containing a probable future economic
20  benefit and/or advantage to KP.
21  42.  Defendants knew of the existence of each of these relationships.
22  43.  The defendants intentionally engaged in these acts or conduct which were
23  designed to interfere with or disrupt each of these relationships.
24  44.  Alternatively, defendants negligently engaged in these acts or conduct
25  without due care that defendants' actions would interfere with or disrupt
26  each of these relationships.
27  45.  Each economic relationship was actually interfered with or disrupted,
28  causing damage to KP, including monetary damage and financial loss of

Knee Pro Industries Complaint
CB&L Matter No.: 130025                                    9

1    the benefit of those relationships.

2    46.   By the above-mentioned acts defendants have caused plaintiff loss of

3          prospective business interests and will continue to do so unless enjoined

4          by this Court.

5                                   **COUNT SIX**
                   **MISAPPROPRIATION OF TRADE SECRETS**
6
7    47.   Plaintiff hereby re-alleges, as if fully set forth, the allegations of

8          paragraphs 1 through 25.

9    48.   The Court has jurisdiction of this claim under the provisions of 28

10         U.S.C.S. §1338(b) in that the claim is joined with substantial and related

11         claims under the Trademark Laws (U.S.C. Title 15) of the United States

12         and based on a common nucleus of operative facts.

13   49.   As part of its business, KP has generated various confidential trade secrets,

14         confidential information and proprietary information which are the

15         property of KP, including without limitation: product production cost and

16         wholesale pricing information and data; marketing and distribution

17         information and plans; customer and distributor lists, information and data,

18         including without limitation a collection of customer and distributor

19         contact information, relevant commercial needs and capabilities; plaintiff's

20         vendor and supplier lists, information and data, including without

21         limitation a collection of vendor and supplier contact information and their

22         commercial needs, capacities and capabilities; and KP product

23         manufacturing plans, designs and methods (collectively referred to as "KP

24         Trade Secrets").

25   50.   KP has taken reasonable steps to protect the confidentiality of KP Trade

26         Secrets, including without limitation: restricting access to KP Trade

27         Secrets; restricting access to KP's premises and property; informing

28         employees, officers and directors that KP Trade Secrets are confidential

1    and must remain confidential; and not disclosing the KP Trade Secrets
2    publicly or outside confidential circumstances.

3    51.    The KP Trade Secrets derive actual and/or potential independent economic
4    value from not being generally known to the public or to competitors of
5    KP, including without limitation because competitors do not know: which
6    customers and distributors regularly purchase knee pads and accessories;
7    the particular needs and economic capacity of customers and distributors;
8    the best sources of manufactured knee pads, including the best materials,
9    components and manufacturing methods; the best source for knee pad
10   designs, drawings and molds; KP's production costs and wholesale prices
11   to be able to price competing products in a targeted manner; KP's
12   manufacturing methods developed to best and most efficiently product
13   quality products; and KP's marketing and distribution activities and plans
14   to best compete with KP in various targeted markets.

15   52.    Defendants, including without limitation Pratson and Onorato, during their
16   employment with KP, acquired knowledge of KP Trade Secrets.

17   53.    Pratson and Onorato are principal owners, officers and/or employees of
18   True Source, which is now a competitor of KP.

19   54.    On information and belief, defendants, including without limitation True
20   Source, Pratson and Onorato, have wrongfully and illegally obtained, used
21   and/or disclosed KP Trade Secrets, including to compete with KP,
22   providing defendants with an unfair, wrongful and/or illegal competitive
23   advantage.  This misappropriation and use of KP Trade Secrets includes
24   without limitation: using KP's product production cost and wholesale
25   pricing information to target particular markets and customers with
26   targeted, reduced pricing; using KP's marketing and distribution
27   information and plans to target particular markets, distributors and/or
28   customers; using KP's customer and distributor lists, information and data

to contact KP customers and distributors to sell them competing products;
and using KP's vendor and supplier lists, information, capabilities and data
to less expensively develop, design and manufacture quality knee pad
products, using vendors who have knowledge of KP's product
manufacturing plans, designs and methods.

55. Defendants have contacted KP's product manufacturer/supplier to make
the same products for True Source, taking advantage of their confidential
knowledge of IP Trade Secrets, and KP's product manufacturer/supplier
has made and is making similar competing products for defendants.  This
has caused plaintiff to lose sales and the exclusive knowledge of
information that gave plaintiff valuable competitive advantages on the
market place.

56. Plaintiff alleges on information and belief: defendants misappropriated the
KP Trade Secrets with malice, oppression and/or fraud with the meaning
of California Civil Code Section 3264 in that defendants deliberately
misappropriated the KP Trade Secrets with the intent to injure KP's
business and improve defendants' business, profits and/or competitive
advantage; defendants have deliberately caused and intended to cause
great economic harm to KP with full knowledge of the wrongfulness of
defendants' conduct; defendants conduct as alleged above was despicable,
was carried on with a willful and conscious disregard of plaintiff's rights,
and subjected plaintiff to unjust hardship.  Plaintiff should therefore be
awarded punitive and exemplary damages sufficient to punish defendants
for engaging in this conduct to deter similar conduct in the future.

57. By reason of defendants' alleged acts, plaintiff has suffered and will suffer
damage to its business, reputation and goodwill, including the loss of sales
and profits plaintiff would have made but for defendants' acts.

///

58. Furthermore, defendants have been and will be unjustly enriched by their wrongful conduct.  Defendants continue to do the acts complained of, and unless restrained and enjoined, will continue to do so, all to plaintiff's irreparable damage.  It would be difficult to ascertain the amount of compensation which could afford plaintiff adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required.  Plaintiff's remedy a at law is not adequate to compensate it for injuries threatened.

59. By these acts, defendants have willfully misappropriated the KP Trade Secrets to their own advantage in violation of common law and California Civil Code Section 3426 et seq.

## COUNT SEVEN
## STATE UNFAIR COMPETITION

60. Plaintiff hereby re-alleges, as if fully set forth, the allegations of paragraphs 1 through 59.

61. The Court has jurisdiction of this unfair competition claim herein under the provisions of 28 U.S.C.S. §1338(b) in that the claim is joined with substantial and related claims under the Trademark Laws (U.S.C. Title 15) of the United States and based on a common nucleus of operative facts.

62. By the above-mentioned acts, defendants have violated California Business and Professional Code (Cal B&P §17200 et seq.) including without limitation California Business and Professional Code §17206 regarding unfair competition, § 17500 relative to falsity and misrepresentations, and§ 17508 relative to claims and comparison with other brands.

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays:

1.    That this Court grant a temporary restraining order, preliminary injunction and/or a permanent injunction pursuant to the powers granted it under 15 U.S.C.S §1116, enjoining and restraining defendants and their agents, servants and employees from directly or indirectly making false or misleading descriptions of fact, or false or misleading representation of fact concerning plaintiff's business, and products or defendant's business and products.

2.    That this Court grant a temporary restraining order, preliminary injunction and/or a permanent injunction enjoining and restraining defendants and their agents, servants and employees from directly or indirectly making products with any confusingly similar appearance, trade dress and configuration with that of KP products.

3.    That this Court grant a temporary restraining order, preliminary injunction and/or a permanent injunction enjoining and restraining defendants and their agents, servants and employees from directly or indirectly violating the Federal Lanham Act as to plaintiff, and from committing acts of unfair competition, conversion, inducement of breach of contract, interference with prospective economic advantage and misappropriation of trade secrets as alleged, including without limitation enjoining defendants from using and/or disclosing any and all KP Trade Secrets.

4.    That this Court order defendants to return any and all KP Tangible Goods to KP;

5.    That this Court, pursuant to the power granted it under 15 U.S.C.S. §1118, order that all labels, signs, prints, packages, wrappers, receptacles, products and advertisements in the possession of defendants bearing false or misleading information, sign or symbol, and all plates, molds, matrices

1    and other means of making the same, shall be delivered up and destroyed.

2    6.    That defendants be required to account to plaintiff for any and all profits

3    derived by defendants from the sale of its goods and for all damages

4    sustained by plaintiff by reason of said acts of infringement, unfair

5    competition, conversion, inducement of breach of contract, interference

6    with prospective economic advantage, and misappropriation of trade

7    secrets.

8    7.    That the Court award plaintiff compensatory and/or special damages, or

9    alternatively award plaintiff the amount of defendants' unjust enrichment.

10   8.    That the Court award plaintiff treble the amount of actual damages

11   suffered by plaintiff.

12   9.    That the Court award plaintiff reasonable punitive damages.

13   10.   That costs of this action be awarded plaintiff.

14   11.   That plaintiff be awarded its reasonable attorney fees.

15   12.   That the Court grant such other and further relief as it shall deem just.

16                          **JURY DEMAND**

17   Plaintiff requests a trial by jury of all claims that may be so tried.

18

19   Dated:  April 1, 2013        **CHARMASSON, BUCHACA & LEACH, LLP**

20

21                          By:_____

22                              Rob G. Leach
                                Denise E. Jones
23                              Attorneys for Plaintiff, KNEE-PRO
                                INDUSTRIES, INC. dba KP INDUSTRIES

24

25

26

27

28